IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE S.C.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY,<br><br>Respondent. | Civil No. 1:26-cv-08252-MWJS<br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART<br><br>A# 029-309-657 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Jose S.C.[1] entered the United States without inspection on an unknown date. Dkt. No. 8-1, at pg. 2. After being arrested by local law enforcement, Petitioner was transferred to the custody of Immigration and Customs Enforcement on September 7, 2026. *Id.* Although he he has not been found to be a danger to the community or a flight risk at a bond hearing, Petitioner continues to be detained.

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction arguing that his detention is unlawful.[2] Dkt. No. 1. Petitioner seeks an order granting either his immediate release or a bond hearing. *Id.* at pg. 17.

This court and many others have granted relief in cases analogous to this one. *See, e.g.*, *Juana G.R.P. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-04406-MWJS, 2026 WL 1712375 (E.D. Cal. June 12, 2026); *Bertoldo B.F. v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-03634-MWJS, 2026 WL 1638322 (E.D. Cal. June 4, 2026); *Ixcox Chum v. Lyons*, No. 1:26-cv-02491-KES-EPG (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court ordered Respondent to address the following issues: (1) whether Petitioner is subject to a final order of removal; (2) whether, in Respondents' view, Petitioner is subject to mandatory detention pursuant to any provision other than 8 U.S.C. § 1225(b)(2); (3) whether Petitioner was ever previously detained and released

[2] Although Petitioner focuses primarily on his due process rights, the court liberally construes his pro se pleading as also asserting a violation under the Immigration and Nationality Act. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In this regard, Petitioner asserts that he "has not been provided a bond hearing before a neutral decisionmaker to determine whether . . . detention is justified based on danger or flight risk." Dkt. No. 1, at pg. 5.

by immigration authorities; (4) if Petitioner was not previously detained and released, whether there are any factual or legal bases to distinguish this case from the many prior cases in which petitioners have been granted bond hearings, including *Juana G.R.P.* and *Bertoldo B.F.*; and (5) whether Petitioner previously received a bond hearing. Dkt. No. 7.

The court appreciates Respondent's timely response. Dkt. No. 8. Respondent acknowledges that Petitioner is not subject to a final order of removal, is not subject to mandatory detention under any provision other than 8 U.S.C. § 1225(b)(2), and has not received a bond hearing. *Id.* at pgs. 1–4. Indeed, Respondent "does not object" to Petitioner receiving the bond hearing he is "entitled" to under 8 U.S.C. § 1226(a) and its implementing regulations. *Id.* at pg. 3.

To the extent Respondent suggests that Petitioner should be required to exhaust administrative remedies by requesting the very bond hearing to which Respondent concedes Petitioner is entitled, on the facts presented here, the court waives the prudential exhaustion requirement. *See Hinds v. Chestnut*, No. 1:26-CV-4619-DC-JDP, 2026 WL 1983942, at *2 (E.D. Cal. July 9, 2026) ("The court will waive the prudential exhaustion requirement because the relief that the court will grant by this order—a hearing in front of an immigration judge at which Petitioner's eligibility for bond must be considered—is precisely the relief that prudential exhaustion would require. (cleaned up)) (quoting *Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695 (E.D. Cal. Feb. 25, 2026)).

Given the lack of any factual or legal issues in this case that would distinguish it from the prior cases that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner contends that he is entitled to a bond hearing. Respondent is ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. Respondent shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing. If a bond hearing has been held, the status report must include a copy of the immigration judge's decision or an explanation of why the decision is not available.

//

//

//

//

Considering the foregoing, Petitioner's motion to appoint counsel, Dkt. No. 3, and motion for temporary restraining order, Dkt. No. 4, are DENIED as moot. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: October 15, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge